IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GRADY RENARD WILLIAMS, JR., : | |
| AKA ABDUL MALIK BEY, : | |
| Plaintiff, : | |
| : | NO. 5:21-CV-00061-MTT-CHW |
| VS. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| et al., : | |
| Defendants. : | |
| _____ : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Grady Renard Williams, Jr., also known as Abdul Malik Bey, a prisoner who is incarcerated at Wilcox State Prison in Abbeville, Georgia, filed a *pro se* complaint that has been construed to seek relief pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed another handwritten document that has been docketed as a motion for a preliminary injunction. ECF No. 4. Plaintiff has not paid a filing fee, and the Court therefore assumes Plaintiff also seeks leave to proceed *in forma pauperis*.

Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED.** Furthermore, because Plaintiff's complaint does not state a right to any recognizable relief and contains frivolous allegations, this action is **DISMISSED WITHOUT PREJUDICE**. Accordingly, Plaintiff's motion for a preliminary injunction (ECF No. 4) is also **DENIED**.

## I. DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); see *also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

Plaintiff requests 1.6 million dollars per day of his incarceration and immediate release from prison. The basis for Plaintiff's request for relief is that he is a "Moorish American National" having filed a "UCC-1 Financing Statement… based upon an Private Security Agreement" with the Effingham County Superior Court and thus, is being illegally held in prison by the State of Georgia. ECF No. 1 at 1-2. Plaintiff further states that "America is part of the dominions of the Moroccan Empire" and "Defendant is in violation of The Moorish-American Treaty of Peace and Friendship." *Id*. at 3. Furthermore, he avers that the "laws in their current state in Georgia, do not exists (sic) as valid laws [and]…prosecution must be dismissed and Plaintiff immediately released." *Id*. at 4.

It is plain on the face of Plaintiff's Complaint that his claims are brought under a "sovereign citizen" theory.[1] This is a frivolous legal theory that is consistently rejected by federal courts. *See Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) ("The . . . theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."). *See also*

---

[1] So-called "sovereign citizens" generally rely "on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract [with the courts or government], neither entity can foist any agreement upon him." *United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) aff'd, 787 F.3d 1329 (11th Cir. 2015).

*e.g., Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous).

Plaintiff's factual allegations are clearly baseless and "rise to the level of the irrational or wholly incredible". The Court therefore finds that Plaintiff's legal theory is "indisputably meritless" and his action is **DISMISSED** as frivolous.

## II.  DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Williams v. Ga. Dep't of Corr.*, 5:15-cv-00425-CAR-MSH (M.D. Ga. Dec. 8, 2015)(dismissing for failure to state a claim, as frivolous, and pursuant to § 1915(g)); *Williams v. Owens*, 5:13-cv-00254-MTT-MSH (M.D. Ga. Sept. 15, 2014)(dismissing for failure to state a claim); *Williams v. Owens*, 6:13-cv-00016- BAE-JEG (S.D. Ga. Nov. 27, 2013)(same); *Williams v. Ga. Dep't of Corr.,* 6:12-CV-00110-BAE-JEG (S.D. Ga. Jan. 30, 2013)(same).  Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo*., 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

 Nowhere in Plaintiff's complaint does he provide any specific facts suggesting that

he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

### III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* in this action and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and paying the full filing fee.

**SO ORDERED**, this 2nd day of April, 2021.

>s/ Marc T. Treadwell
>MARC T. TREADWELL, CHIEF JUDGE
>UNITED STATES DISTRICT COURT